**Hearing Date: February 22, 2023**
**Hearing Time: 3:30 P.M.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

Claudia Andrea Betancourt,

    Debtor.
-----------------------------------------------------------x

Case No.: 1-23-40074-nhl

Chapter 13

## **OPPOSITION TO DEBTOR'S MOTION FOR VIOLATION OF AUTOMATIC STAY**

HSBC Bank USA, National Association as Trustee for Mortgageit Securities Corp. Mortgage Loan Trust, Series 2007-1, Mortgage Pass-Through Certificates ("Secured Creditor"), by and through its undersigned counsel, files its Response in Opposition to Debtor's Motion for Violation of Automatic Stay (Docket No. 10), and states as follows:

1. Debtor, Claudia Andrea Betancourt ("Debtor"), commenced the instant case (the "Ch. 13 Case") by the filing of a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on January 11, 2023 (the "Ch. 13 Filing Date").

2. Secured Creditor holds a security interest in the Debtor's real property located at 108 29 Roosevelt Avenue, Corona, New York 11368 (the "Property").

3. On November 9, 2007, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Queens, Index No. 701401/2021 (the "Foreclosure Action").

4. On September 17, 2019, an Order Confirming Referee Report and Judgement of Foreclosure and Sale was entered in the Foreclosure Action in the amount of $1,003,380.90.

5. Debtor previously commenced a chapter 7 case in this Court on July 6, 2022 (the "Ch. 7 Case"). The Ch. 7 Case was open, and no discharge had been issued as of the Ch. 13 Filing Date. As a result, the Debtor had two open bankruptcy cases before this Court on January 11, 2023.

6. In the Ch. 7 Case, Secured Creditor obtained relief from the automatic stay for the purpose of continuing with the Foreclosure Action with an Order of this Court docketed on September 30, 2022 (the "MFR Order"). The MFR Order became final and non-

appealable, and the Debtor never sought reconsideration of the Court's granting of stay relief. A copy of the MFR Order is annexed hereto as Exhibit "A."

7. As permitted by the MFR Order a sale of the Property under the Judgment was scheduled for and held on January 13, 2023 (the "Foreclosure Sale"). Copies of the notice and publication information for the Foreclosure Sale is annexed hereto as Exhibit "B."

8. After the Foreclosure Sale, counsel for Secured Creditor received notification of the filing of the Ch. 13 Case by a facsimile transmission of a notice from AGWU Attorney at Law PLLC (the "AGWU Firm") dated January 25, 2023 indicating that the Ch. 13 Case was filed. This was received 12 days after the Foreclosure Sale. A copy of that notification is annexed hereto as Exhibit "C." Later, the AGWU Firm e-mailed Secured Creditor's counsel on February 8, 2023 asking if the Foreclosure Sale was being set aside. Secured Creditor's counsel replied that it had advised Secured Creditor that the Foreclosure Sale should be rescinded and took the steps needed to effectuate same. A copy of this e-mail exchange is annexed hereto as Exhibit "D."

9. The Ch. 7 Case was not dismissed until February 3, 2023. A copy of the dismissal order is annexed hereto as Exhibit "E." At this time the Ch. 13 Case had been pending for 23 days.

10. On January 30, 2023, Debtor filed a Motion for Violation of Automatic Stay in the Ch. 13 Case (the "Stay Violation Motion"). The Stay Violation Motion fails to asset any factual or legal basis for a violation by Secured Creditor of the automatic stay.

11. The Stay Violation Motion is without merit and should be denied by the Court.

12. When the Foreclosure Sale occurred on January 13, 2023 Secured Creditor had no actual or constructive knowledge of the commencement of the Ch. 13 Case on January 11, 2023.

13. The evidence establishes that Secured Creditor was not notified of the existence of the Ch. 13 case until January 25, 2023, at which time the request from the AGWU Firm was that the Foreclosure Sale be reversed and nullified.

14. Further, the scheduling and conduct of the Foreclosure Sale was proper and reasonable as the Ch. 7 Case was then still pending and Secured Creditor had obtained relief from the automatic stay in that case for the purpose of conducting a sale of the Property. Secured creditor justifiably relied on the relief granted in the Ch. 7 Case and that the case was still pending at the time of the Foreclosure Sale.

15. Once Secured Creditor became aware of the Ch. 13 Case, the Foreclosure Sale was rescinded.
16. It is also noted that the commencement of the Ch. 13 case while the Ch. 7 case remained open could be considered a violation or breach of the "Single Estate Rule." The filing of two simultaneous bankruptcy petitions is contrary to the contemplated function of the Bankruptcy Code to resolve a debtor's affairs by administration of a debtor's property as a single estate under a single Chapter within the Bankruptcy Code. *Associates Fin. Servs. Corp v. Cowen*, 29 B.R. 888 (Bankr. S.D. Ohio 1983). The Bankruptcy Code provides different discharge remedies in different Chapters, and such remedies are intended to be exclusive of each estate. *Id*. at 894.
17. Although courts have disagreed over the reach of the rule, the basic principle seems to be accepted, there should be one case at a time. See *Grimes v. United States (In re Grimes)*, 117 B.R. 531 (9th Cir. BAP 1990) (holding that, even though the first case still may be open, a debtor may file a second petition so long as the discharge has been entered in the first case); but see *In re Pickering*, 195 B.R. 759 (Bankr.D.Mont.1996) (rejecting *Grimes* and holding that a debtor can have only one case open at a time); *In re Studio Five Clothing Stores, Inc.,* 192 B.R. 998 (Bankr.C.D.Cal.1996) (criticizing *Grimes* and suggesting that the second petition must be filed after the first estate has been extinguished); see, also *In re Kosenka*, 104 B.R. 40 (Bankr.N.D.Ind.1989) (finding the single estate rule to have been adopted by the majority of courts).
18. Based on the above, it would appear that the duel pendency of the Ch. 7 Case and the Ch. 13 Case is inconstant with the principle of the Singe Estate Rule. There was no discharge yet, or determination to dismiss in the Ch. 7 Case when the Ch. 13 Case was commenced. The stay relief had been granted in the Ch. 7 Case and it was still open when the Foreclosure Sale was scheduled. So, it would seem that the Debtor resorted to a chapter 13 case filing to trigger another/new automatic stay. It is noted that the Debtor has not filed schedules and statements in the Ch. 13 Case, has not submitted a proposed chapter 13 plan, and has not sought loss mitigation. The Court docketed a Final Notice of Deficiencies pursuant to Bankruptcy Code section 521(i) on February 13, 2023.
19. It appears that the Debtor is actively using the bankruptcy process to forestall the sale of the Property under the Judgment. This scenario comes close to, if not actually, satisfying the bad faith, for cause and scheme to hinder delay and defraud criteria for *in rem* stay

    relief motion under Bankruptcy code section 362(d)(4). Secured Creditor reserves the right to file such a motion for *in rem* relief.

20. Secured Creditor reserves the right to amend and/or supplement this response as needed, and/or in response to any additional filing by any party.

**WHEREFORE**, Secured Creditor respectfully requests this Court deny the Stay Violation Motion, and for such other and further relief as the Court may deem just and proper.

Dated:  Westbury, New York
         February 13, 2023

                        ROBERTSON, ANSCHUTZ, SCHNEID,
                        CRANE & PARTNERS, PLLC
                        Attorney for Secured Creditor
                        900 Merchants Concourse
                        Westbury, NY 11590
                        Telephone: (516) 280-7675 ext.

                        By: /s/  *Kevin R. Toole*_____
                        Kevin R. Toole, Esq.
                        E-mail: ktoole@raslg.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                           Case No.: 1-23-40074-nhl

Claudia Andrea Betancourt,

    Debtor.                                       Chapter 13
-----------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 14, 2023, I caused the electronic filing of the foregoing Opposition to Debtor's Motion for Violation of Automatic Stay with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Postal Service First Class Mail to the following parties:

Claudia Andrea Betancourt
108-29 Roosevelt Ave.
Corona, NY 11368

Krista M. Preuss, Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753

Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

Dated: Westbury, New York
         February 14, 2023

                                              ROBERTSON, ANSCHUTZ, SCHNEID,
                                              CRANE & PARTNERS, PLLC
                                              Attorney for Secured Creditor
                                              900 Merchants Concourse
                                              Westbury, NY 11590
                                              Telephone: (516) 280-7675

                                              By: /s/   *Kevin R. Toole*_____
                                              Kevin R. Toole, Esq.
                                              E-mail: ktoole@raslg.com